STEPHEN M. CARDWELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cardwell v. Commissioner
Docket No. 10409-79.
United States Tax Court
T.C. Memo 1988-270; 1988 Tax Ct. Memo LEXIS 297; 55 T.C.M. (CCH) 1125; T.C.M. (RIA) 88270; June 22, 1988. *297 Charles L. Abrahams, for the petitioner. Thomas A. Dombrowski, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before us on respondent's motion to dismiss for failure to properly prosecute and to determine that there is due from petitioner a deficiency in income tax for the taxable year 1975 in the amount of $ 1,507. Respondent determined a deficiency in petitioner's income tax for the calendar year 1975 in the amount of $ 9,633. In order to put respondent's motion to perspective, it is necessary to recite some of the background of this case. Petitioner is one of over 200 hockey players who are citizens of Canada but play hockey for teams in the United States. Petitioner's petition filed in this case alleges that "for purpose of establishing venue in the United States Court of Appeals, pursuant to Rule 34(b)(1) of the rules of this Court, the legal residence of the Petitioners is Hershey, Pennsylvania. The return for the period here involved was filed with the Office of the IRS at Philadelphia, Pennsylvania." [1] However, in numerous attachments to the petition, it is stated that petitioner's home is Canada and petitioner is *298 a citizen of Canada. Since there were numerous similar issues in the over 200 cases involving Canadian hockey players who played for American teams, these cases including the above-entitled case, were assigned in 1982 to Judge William A. Goffe of this Court for trial or other disposition. Two of the cases involving the Canadian hockey players were heard before Judge Goffe and opinions written which were appealed to two separate Circuit Courts of Appeal and affirmed in part and remanded in part. A supplemental opinion was issued with respect to the remand. See Stemkowski v. , affd. in part and remanded in part , supplemental opinion in , and , agreeing with the opinion of the Second Circuit in While the two cases were pending in this Court, the parties discussed agreeing to be bound by the final *299 decision in the other cases. The Court held in abeyance any further action with respect to the over 200 cases involving the Canadian hockey players pending the parties working out an agreement. After decision in the two cases, the over 200 cases were set for trial in San Diego, California on January 12, 1987. These cases were called for trial on January 12, 1987, and recalled on subsequent dates in January. The parties on January 23, 1987, filed with the Court a stipulation with respect to a basis of settlement of the hockey player issues in the approximately 200 cases and agreed to submit final documents or a stipulation of settled issues disposing of the hockey player issues in these cases by June, 1987. Thereafter, a number of the cases were settled and stipulations with respect to settlement of the hockey player issues were filed in most of the other cases. There were a few cases, of which the above-entitled case was one, where most of the hockey player issues were disposed of by agreement of the parties. In the instant case, all of the hockey player issues were disposed of except a claim by petitioner for $ 631 of promotional expenses which had not originally been claimed *300 on the return and which had subsequently been claimed as a miscellaneous expense. On June 30, 1987, the Court received a status report from respondent reciting that stipulations had been sent to petitioner with respect to disposing of the hockey player issues in this case and that petitioner's counsel had not responded thereto. A copy of this report was served on counsel for petitioner. On September 4, 1987, an order was issued by this Court in this case and a number of other cases that involved the same situation. This order referred to respondent's status report of June 30, 1987, and stated that based on that report the Court concluded that agreement had been reached as to the hockey player issues in all these cases and that these cases involved non-hockey player issues only. The order further recited that counsel for petitioner had not advised the Court to the contrary, although he had had the status report since June 30, 1987. The order further stated that the Court concluded that only non-hockey player issues were involved in these cases and that all these cases (including the instant case) were restored to the general docket for trial in due course on the other issues. *301 This case, along with a number of other hockey player cases involving non-hockey player issues, was placed on the trial session in San Diego, California for March 7, 1988. On December 22, 1987, petitioner filed a motion for partial summary judgment reciting that, in fact, respondent had agreed to settle the above-entitled case by allowing a percentage of the claimed $ 631 of additional promotional expenses. Respondent filed an objection thereto reciting in some detail the background of the negotiations with respect to settlement of the hockey player issues and this motion was set for hearing at the call of the calendar of the trial session in San Diego, California on March 7, 1988. Petitioner filed a motion for continuance of the case on the ground that a motion for summary judgment was pending. This motion was denied by order dated February 10, 1988. This order specifically stated that denial of the motion for summary judgment would not be grounds for a continuance of the case and that the parties should be prepared to try the case on the March 7, 1988, session. On February 10, 1988, petitioner filed a motion in this case, and a number of the other hockey player cases that *302 involved non-hockey player issues, alleging that, in fact, respondent had agreed to settle the non-hockey player issues and had not gone forward with the settlement as agreed. This motion was also set for hearing at the call of the trial session in San Diego, California on March 7, 1988. Argument on the motions was heard and both motions for partial summary judgment were denied. The Court then set a date for trial of the remaining issues in this case. The basis for denial of the motion involving the additional promotional expenses of $ 631 was that petitioner's allegations, in light of the other information of record, did not substantiate his contention that there had been a settlement between the parties with respect to this issue. Respondent in his objection to petitioner's motion specifically denied that the parties had reached an agreement of settlement of the claimed $ 631 of promotional expenses. Petitioner has failed to show that a settlement had been reached as to this item and in fact, the documentation clearly indicates to the contrary. The basis for the denial of the second motion for partial summary judgment was that petitioner's affidavit and other documents attached *303 to his motion did not show that a settlement agreement had been reached by the parties on the non-hockey player issues and other evidence of record, including the hearings before this Court held in San Diego, California beginning January 12 and extending through January 23, 1987, as recorded in the transcript of those hearings, specifically showed that no agreement had been reached by the parties with respect to the non-hockey player issues. When these cases were reached for trial on the San Diego, California session on March 10, 1988, petitioner's counsel asked that they be continued since he did not have the proof currently available to support the items claimed to be deductible. The Court denied the motion for continuance, but left the record open for 30 days to receive settlement documents based on disposition of any issues that had not been previously settled. The Court stated that if the parties could not settle the issues from the documentation presented to respondent by petitioner in the 30-day period, they should stipulate petitioner's documentation and present the issue to the Court for decision. Respondent, at the call of the case for trial, when petitioner did not *304 have available evidence to substantiate the claimed deductions, filed a motion to dismiss for failure to properly prosecute, here under consideration. The Court took this motion under advisement pending the results of the presentations of proof by petitioner to support his claimed deductions. When this case was called for trial, the parties filed with the Court the following stipulation of settled and unsettled issues:
Settled Issues
The issues set forth below are issues, both hockey related and non-hockey related, which the parties agree are settled issues. The parties further agree to adjustments to petitioner's taxable income, as set forth in respondent's notice of deficiency, in the amounts set forth below:
Stipulated:
(1) Employee Business Expenses:
Allowed - $ 476.00
(2) Miscellaneous Deductions:
Allowed - $ 4,402.00
(3) Medical:
Allowed - $ 150.00
(4) Interest Expenses:
Allowed - $ 2,521.00
(5) Taxes:
Allowed - $ 1,234.00
(6) Partnership Income:
Allowed - loss - $ 1,311.
Unsettled Non-Hockey Related Issues
The issues set forth below are unsettled hockey related issues not defined in paragraph 5 of the January 23, 1987 stipulation *305 or are unsettled non-hockey related issues which are to be tried:
(1) Moving Expenses.
(2) Sales Tax Deduction.
(3) Additional Promotional Expenses.
Respondent's motion went to the three remaining unsettled issues in the case. Subsequent to the call of the Canadian hockey player cases from the March 7, 1988, San Diego session, all of the cases except the instant case were disposed of by settlement stipulations filed by the parties. No formal explanation has been furnished to the Court as to why this case was not disposed of by settlement, or why the documentation to support the deductions claimed by petitioner was not presented to the Court within the 30-day period allowed from March 10, 1988. We have a case here, in which no evidence was offered by petitioner to substantiate or support the claimed deductions, which clearly petitioner had the burden to substantiate. All the unsettled issues are purely factual issues. Moving expenses would have to be substantiated before there would be any legal question as to their allowability; a claimed sales tax deduction also requires substantiation, if not computed under the tables provided in respondent's instructions. We have *306 previously discussed the lack of substantiation of petitioner's claimed additional promotional expense deduction. Under these circumstances, we have a taxpayer refusing to offer the necessary evidence to substantiate claimed deductions. If petitioner in fact had any evidence to substantiate these claimed deductions, this record fails to show why it was not offered either when the case was called for trial or in the time allowed by the Court thereafter for the documentation to be offered. Petitioner has failed to prosecute his case even though he was notified in an order of this Court will in advance of the trial to be prepared to try the case during the March 7, 1988, session in San Diego, California. This is a clear situation of failure to properly prosecute on the part of petitioner. Therefore, we grant respondent's motion to dismiss for failure to properly prosecute and will enter an order to that effect and determine the proper deficiency. However, since the Court is not certain that the amount of deficiency requested in respondent's motion is the amount computed after allowance of the various amounts conceded by respondent to be allowable in the stipulation of settled *307 and unsettled issues, it seems appropriate to have a recomputation made of petitioner's tax liability in accordance with the items agreed to be allowable by the parties and the sustaining of respondent's disallowance of all other items. An appropriate order and decision will be entered under Rule 155.
Footnotes
1. All references to Rules are to the Tax Court Rules of Practice and Procedure. ↩